ALBANY,
October, 1829.

· BULLOCK *vs.* BABCOCK.

Bullock
v.
Babcock.

THIS was an action of trespass, assault and battery, tried at the Madison circuit in September, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

In 1816, the defendant then being about 12 years of age, shooting an arrow from a bow, struck the plaintiff and put out one of his eyes, the plaintiff being then between nine and ten years of age. The plaintiff and defendant were school mates. The boys attending the school were assembled near the school house. One of them had a bow and arrow with which he and the defendant had been shooting at a mark. Some remark was made by the plaintiff, when the defendant said, " I will shoot you," and took the bow and arrow from another boy who then held it. The plaintiff ran into the school house and hid behind a fire board standing before the fire place in the school room. The defendant followed to the door of the school room, and saying, " See me shoot that basket," discharged the arrow. At that moment the plaintiff raised his head above the fire board, and the arrow struck him. There was a basket standing on a desk in the direction that the arrow was aimed. When the arrow was shot, there were a number of boys in the school room. There had been no quarrel between the boys. The plaintiff, however, on entering the school house was frightened and said he was afraid he would be shot. The plaintiff suffered great pain for two months, became blind of one eye, and for five years was disabled from attending school in consequence of the weakness of sight of the other eye. His mother became a widow ; and when the plaintiff was able to attend school, her poverty prevented his receiving an ordinary education. The defendant's father was a man of considerable property, but no compensation was ever made for the injury inflicted. This suit was commenced in 1827, within a year after the plaintiff attained his age.

The judge charged the jury that the shooting the arrow in the school room where there were a number of boys as-

*Infants* are liable in the same manner as *adults* for trespass and assault.

Where the injury is not the effect of an unavoidable accident, the person by whom it is inflicted is liable to respond in damages to the sufferer.

*It seems,* that an injury might probably be considered an unavoidable accident in the case of infants, which would not be so considered in the case of adults.

sembled was an unlawful act; that it appeared to him to have been, at the least, grossly negligent and unjustifiable; and that if the jury thought so, they ought to find a verdict for the plaintiff, with damages. The defendant excepted. The jury found for the plaintiff with $180 damages, and a motion was now made to set aside the verdict.

*J. A. Spencer*, for the defendant. The shooting of the arrow was not an unlawful act, and the judge erred in so instructing the jury. To sustain the action, it should have been shewn that the injury was intentionally done, or that the defendant was grossly negligent. The exercise of the same discretion and care which would be required of adults is not required of infants. (Bacon's Abr. tit. Infancy, H. Comyn's Dig. Infancy, A.)

*P. Gridley*, for plaintiff. The defendant, though an infant when the injury was inflicted, is liable to this action like an adult. (1 Chitty's Pl. 66. 8 T. R. 366. Bacon's Abr. Infancy, H.) The discretion of an infant is not inquirable into when called on to answer *civiliter*, though it is otherwise where the proceedings against him are *criminaliter*. It was unnecessary to shew the injury was intentional. It was enough that it happened through the negligence of the defendant. (Selwyn's N. P. by Wheaton, Assault & Battery, 19, and cases there cited. 1 Chitty's Pl. 170. 1 Bingham, 213.) The charge of the judge was unexceptionable; for he submitted the case fully to the jury.

*By the Court*, MARCY, J. It is not, I apprehend, necessary for us to say whether the judge erred or not in his remark to the jury that, under the circumstances of the case, the act of the defendant in shooting the arrow in the school room, where there were a number of scholars, was not lawful; for if the act in itself was lawful, and there was not a proper care to guard against consequences injurious to others, the actor must be held responsible for such consequences.

In ordinary cases, if the injury is not the effect of an unavoidable accident, the person by whom it is inflicted is liable

to respond in damages to the sufferer. Where, in shooting
at butts, the archer's arrow glanced and struck another, it
was holden to be a trespass. (Year Book, 21 H. 7, 28 a.)
So where a number of persons were lawfully exercising them-
selves at arms, one whose gun accidentally went off was held
liable in trespass for the injury occasioned by the accident.
*Weaver* v. *Wood*, (Hobart, 134.) In this case the action
was assault and battery; and the plea was, that while the
parties were skirmishing by order of the lords of the council,
by way of military exercise, the defendant *casualiter et per
infortunium et contra voluntatem suam* in discharging his mus-
ket, did the injury complained of. To this plea there was a
demurrer, and judgment was given for the plaintiff. In giv-
ing their opinion, the court say, "If two men tilt or tourney
in presence of the king, or if masters fence and the one kills
the other, or if a lunatic kills a man, it is not *felony ;* yet, in
trespass, which tends only to give damages according to the
hurt or loss, it is not so. Therefore if a lunatic hurt a man,
he shall be answerable in damages ; and no man shall be ex-
cused of a trespass, except it may be adjudged utterly with-
out his fault." Where, in a dark night, the defendant got
on the wrong side of the road, and an injury ensued to the
person of the plaintiff, trespass for the damage was sustain-
ed. (3 East, 593.) It is decided in the case of *Wakeman*
v. *Robinson*, (1 Bing. 213,) if the accident happen entirely
without the fault of the defendant, or any blame being im-
putable to him, an action will not lie. In that case, the blame
imputable to the defendant was, that his horse being young
and spirited, he used him without a curb rein; that in his
alarm, he probably pulled the wrong rein ; and that he ought
to have continued on in a straight course. The blame fair-
ly imputable to the defendant, it will be perceived, must have
been slight indeed, as it certainly was in the case of the inju-
ry done by the glancing of the arrow when shooting at a
mark, (a lawful act,) and by the accidental discharge of the
musket at a training; and yet, in each of these cases, an ac-
tion for the injury was maintained. Unless a rule is to be
applied to this case different from that applicable to a trans-
action between adults, the proof was most abundant to

ALBANY,
October, 1829.

charge the defendant with the consequences of the injury. Infants, in the same manner as adults, are liable for trespass, slander, assault, &c. (Bing. on Infancy, 110. 8 T. R. 335. 16 Mass. Rep. 389. 2 Inst. 328.) Where infants are the actors, that might probably be considered an unavoidable accident which would not be so considered where the actors are adults ; but such a distinction, if it exists, does not apply to this case. The liability to answer in damages for trespass does not depend upon the mind or capacity of the actors ; for idiots and lunatics, as we see by the case reported in Hobart, are responsible in the action of trespass for injuries inflicted by them. (1 Chit. Pl. 66.)

Motion for new trial denied.