HARVEY *vs.* DUNLOP, by his guardian ad litem.

No liability results from the commission. of an act arising from inevitable accident, or which ordinary human care and foresight are unable to guard against.

Accordingly, in an action for throwing a stone at the plaintiff's daughter and and putting out her eye, where it did not appear that the injury was inflicted by design or carelessness, but on the contrary that it was accidental; *held,* that the plaintiff could not recover.

Evidence showing the injury to have been committed by the defendant is enough to sustain the action, and it then lies with the defendant to excuse or justify the act.

TRESPASS tried at the Washington circuit in June, 1839, before Willard, C. Judge. The plaintiff declares against the defendant for throwing a stone at his daughter and putting out her eye, *per quod,* &c. Plea, the general issue, with notice of special matter. The case was this: The plaintiff's daughter (Clementine), who was about five, and the defendant, about six years of age, were associates and in the habit of playing together. In the fall of 1835 they went out to gather beech nuts, and, after being absent a few hours, returned to the plaintiff's house both of them crying. On being asked what the matter was, the defendant stated that he had thrown a stone and killed Clementine or put out her eye. Neither of them said whether the stone was thrown by accident or design, nor did it appear from any one having personal knowledge how this was on the trial, as the plaintiff's daughter was not sworn as a witness. The eye had become incurably blind. The plaintiff had repeatedly admitted that the defendant was not to blame though it was not shown that he could have had any knowledge on the subject save such as he obtained from the children themselves, and that the injury was accidental.

The judge charged the jury that in cases of this kind the plaintiff could not recover, unless he made out that the defendant had been guilty of a wrongful act. That if they were satisfied, from all the evidence in the cause, that the

25

injury complained of was the result of unavoidable accident, or in other words, that it was one which ordinary care and foresight could not have prevented, their verdict should be for the defendant. The judge observed that there was no evidence, except the defendant's admissions, showing that he had committed the injury, and these gave no information whether it was done by accident or design. He then adverted to the omission of the plaintiff to produce his daughter as a witness, who alone could have explained how the injury happened; and concluded by instructing the jury that if they were satisfied the defendant had wrongfully thrown the stone, whether done willfully or through carelessness, they should find for the plaintiff. The jury rendered a verdict in favor of the defendant. The plaintiff made a case, and now moved for a new trial on the ground of misdirection of the judge.

*M. Fairchild* and *J. Crary*, for the plaintiff.

*C. L. Allen*, for the defendant.

*By the Court*, NELSON, Ch. J. I am of opinion that the grounds upon which the learned judge placed the case before the jury were correct. No case or principle can be found, or if found can be maintained, subjecting an individual to liability for an act done without fault on his part; and this was substantially the doctrine of the charge. All the cases concede that an injury arising from inevitable accident, or, which in law or reason is the same thing, from an act that ordinary human care and foresight are unable to guard against, is but the misfortune of the sufferer, and lays no foundation for legal responsibility. Thus it is laid down that, "If one man has received a corporal injury from the voluntary act of another, an action of trespass lies, provided there was a neglect or want of due caution in the person who did the injury, although there was no design to injure." (Bac. Abr. tit. Trespass, D.) But if not imputable to the neglect of the party by whom it was done, or to his want of caution, an action of trespass does not lie, although the

consequences of a voluntary act. (*Weaver* v. *Ward,* Hob., 134; *Gibbons* v. *Pepper,* 4 Mod., 405.) It was said by Dallas, C. J., in *Wakeman* v. *Robinson* (1 Bingh., 213), "if the accident happened entirely without default on the part of the defendant, or blame imputable to him, the action does not lie;" and the same principle is recognized in *Bullock* v. *Babcock* (3 Wend., 391).

But it is said that inasmuch as the defendant admitted the injury to have been inflicted by him, it should be presumed to have been done wrongfully or carelessly, and that the *onus* lay upon him to show the contrary. This is undoubtedly a sound general principle and the plaintiff is entitled to the full benefit of it; but it was for the jury to determine upon the facts and circumstances before them, whether or not the defendant was in the wrong. In order to arrive at a decision upon this question the jury had a right to take into consideration the childhood of the parties, the friendly relations existing between them, the conduct of both on their return home, but more especially the repeated admissions of the plaintiff that the defendant was not to blame. The latter fact was very material, and must and should have produced a strong impression upon the minds of the jury in the absence of 'the testimony of Clementine, because the natural inference to be drawn from the declarations was that the plaintiff had received the information upon which they were based from his daughter's account of the tranaction, and had frankly disclosed it though the admissions operated against his own interest. These admissions, taken in connection with the other facts and circumstances in the case, were undoubtedly decisive of the true character of the transaction, and they conduct us satisfactorily to the same conclusion arrived at by the jury, that the misfortune happened without fault on either side, and that it was one of those unhappy accidents to which children of the tender age of these parties are not unfrequently exposed in their little innocent plays and amusements—a result rather to be deplored than punished.

New trial denied.