P. ZELL & SONS v. WILLIAM A. JOHNSTON.

*Arbitration  and  Award -- Practice.*

1. In an arbitration when the claims and evidence of both parties have been presented, it is not necessary to notify the parties of the time when the arbitrators will meet and dispose of the case.

2. If the decision of a question submitted to arbitrators involves the decision of another question not submitted, their decision of the latter is not error.

CIVIL ACTION, tried at a Special Term of HALIFAX Superior Court (held in June, 1876,) before *Watts, J.*

The plaintiffs, residents of the City of Baltimore, were engaged in the manufacture of commercial fertilizers and the defendant a merchant residing in said County had been acting as their agent for the sale of the same.   By reason of the transactions had between them the plaintiffs alleged that the defendant became indebted to them in a considerable amount.   A lengthy correspondence ensued which resulted in effecting an agreement in writing between the parties that their differences should be submitted to P. A. Dunn and H. F. Zollicoffer, both of the City of Baltimore, who subsequently made an award which is substantially as follows :

1. That defendant should not be charged with fertilizers carried over from the season of 1872 to that of 1873.

2. That defendant should have credit for the bags supplied by him for those damaged &c.

3. That defendant is entitled to commissions only on ten tons of said fertilizers carried over from the season of 1872 and sold by him.

4. That plaintiffs are entitled to $435.43 the balance due by defendant (as exhibited by an account stated by the arbitrators.)

The plaintiffs further alleged that the defendant refused to abide by the award and demanded payment of said sum.

In his answer the defendant denied that he had acquiesced in the manner of settlement as stated by plaintiffs; that he had no notice as to when said arbitrators would consider the matters in dispute ; that they had no right to determine any question arising out of the relation between the parties—the agency—and that said award was of no binding effect on the defendant because the agreement to submit the matter to said arbitrators was too vague and uncertain for definite action.

In the statement of facts as agreed upon the said award was included together with the further facts that the defendant selected said Dunn as one of the arbitrators; that he was not notified of the time and place of hearing the case ;. that neither party was present and the whole evidence consisted of the correspondence and written agreement as afore-said.

His Honor held that said award was binding on the defendant and adjudged that the plaintiff recover the amount, ascertained to be due. Appeal by the defendant.

*Messrs. Mullen & Moore* and *Walter Clark*, for plaintiffs.
*Messrs. Moore & Gatling* and *E. Conigland*, for defendant.

RODMAN, J. It is argued for the defendant that the award is not binding, for that :

1. The defendant had no notice of the time when the arbitrators would proceed in the case.

Of course ordinarily notice to the parties to an arbitration is essential in order that they may present their respective claims and the evidence in support of them to the arbitrators.

But when such claims and evidence have been presented there is no reason why the parties should be notified of the

time when the arbitrators will meet to consider and dispose of the case. In the present case it is clear that the defendant had reasonable opportunity to and did in fact present his defence and evidence in support of it as fully as it was possible for him to do. What reason could there be for giving him any notice when the arbitrators would meet to pass on the case. Arbitrators are not bound to hear arguments from the parties or from counsel; they certainly are not, when it is not requested of them; and it was not requested and does not seem to have been expected in this case.

We think also that the defendant clearly waived any other notice than what he had.

2. The award is based on the question of agency which was not submitted to the arbitrators; the question submitted to them being the right of the defendant to commissions for fertilizers which he contracted to sell in 1873, but which the plaintiffs did not deliver to him. It is admitted that the single question submitted to the arbitrators was the defendant's right to commissions. But the decision of this depended directly upon the question whether plaintiffs had agreed to supply defendant with fertilizers for sale as their agent in 1873. The arbitrators find that plaintiffs had not so agreed, which is a direct decision of the question submitted to them. The two questions are in substance the same. It was not necessary for the arbitrators to find in the precise words of the submission.

It is sufficient if they decide upon the matter in difference.

3. The arbitrators embraced in their award other matters not submitted, such as the defendant's claims for bags furnished, &c. which were not in dispute.

The finding of the arbitrators on these items was in favor of the defendant and gave him all that he claimed in respect to them. It was separate from their finding upon the matter in difference and could not in any way prejudice him.

On a fair view of the award the statement of the amounts of these several items is not a part of the award at all. They had been agreed on by the parties and seem to have been put to the credit of the defendant merely for the purpose of showing the balance owing by him upon an account, of which no item was disputed except that of commissions, submitted to the arbitrators and which they decided. The statement of an account including these items as credits was unnecessary but did not vitiate the award. Judgment according to the case agreed that plaintiff recover of defendant $435.43 with interest from 10th December, 1873, and costs.

PER CURIAM.                                Judgment affirmed.