Conway v. Reed.

CONWAY, *by next Friend*, v. REED, *by next Friend, Appellant.*

1. **Infant**: LIABILITY FOR TORTS. An infant is liable for a tort in the same manner as an adult.

2. **Charge of Unlawful Shooting**, SUSTAINED BY PROOF OF NEGLIGENT SHOOTING. Under the present practice, proof of a negligent or careless shooting will sustain an allegation of an unlawful and wrongful shooting; the same was true, at common law, where an action of trespass for assault and battery was the proper form of action for direct injuries negligently and carelessly inflicted, as well as for those that were intentional and malicious.

3. **Personal Injuries**: PRIMA FACIE CASE. In an action for damages, sustained from injuries caused by an unlawful and wrongful assault and shooting, plaintiff is *prima facie* entitled to a verdict upon proof that he was shot by defendant; it then devolves upon the defendant to show that the shooting occurred without fault on his part, or to put in evidence mitigating facts; it is not necessary that plaintiff, in

the first place and by direct evidence, should show either an intention to commit the injury or that defendant was in fault.

*Appeal from Buchanan Circuit Court*—Hon. Jos. P. Grubb, Judge.

This was an action for damages sustained by respondent in consequence of the alleged unlawful and wrongful shooting of him by the appellant, whereby the amputation of his left leg was rendered necessary, and other injuries were suffered by him. In addition to the denial of the allegations of the petition, the answer set up, as a special defense, that appellant and respondent, and other boys about their own age, twelve or thirteen years, were out playing together, having a gun, and that in the course of their talk and play, whilst the gun was in the hands of appellant, without any fault or negligence, or design on the part of appellant, the gun, without being aimed at or directed towards the respondent, accidentally went off and was discharged, and by accident alone shot respondent, from which he suffered and had to have his leg amputated. On the trial, evidence was offered by appellant tending to show that the shooting was purely accidental and unintentional, and, by respondent, that it was owing to the carelessness and negligence of appellant. The jury rendered a verdict in favor of respondent for one thousand dollars.

The first instruction given by the court at the instance of respondent, was as follows:

1. If the jury believe from the evidence that about the time charged in the petition the defendant shot the plaintiff in the leg with a shot gun, loaded with gunpowder and leaden shot, and which gun the defendant held in his hands, then, *prima facie*, the plaintiff is entitled to a verdict. And if the jury find for the plaintiff, they will assess his damages at such sum as they believe he has sustained, not exceeding ten thousand dollars.

The instructions asked by appellant, and which the court refused to give, are as follow:

1. That under the pleadings and evidence in this case, the plaintiff cannot recover.

3. Under the law and evidence in this case, the defendant, Reed, not only had the right to carry his gun along with him, but also had the right to carry it loaded; and if the jury believe from the evidence that Conway was shot, without any intention on the part of defendant to shoot him, then the burden of proof is on Conway to prove to the satisfaction of the jury, that such shooting resulted from the careless or negligent manner in which the defendant used said gun at the time.

6. That the defendant is charged in the petition to have been guilty of an unlawful and wrongful assault upon the person of plaintiff on or about the 11th day of April, 1874, and that plaintiff was injured thereby.

7. That every unlawful and wrongful assault upon the person of another includes some degree of malice or some intention, however slight, to do some injury to the person assaulted; and unless the jury believe from the evidence that the defendant was prompted by some degree of malice, or had some intention to injure plaintiff at the time charged in the petition, they will find for the defendant.

*Allen H. Vories* for appellant.

1. The court erred in admitting any evidence of the manner in which plaintiff was shot. The petition stated a case of unlawful, wrongful and willful assault with the gun. The evidence was of an unintentional, accidental shooting on the part of defendant, whilst he, plaintiff and other boys were playing with a gun; and the whole case was tried, and a recovery had upon the supposed careless and negligent manner of using the gun, all variant from plaintiff's petition. A party cannot state one cause of action and recover upon another. He must recover upon his petition, not on the answer of defendant. *Merle v. Hascall*, 10 Mo. 406; *Jones v. Louderman*, 39 Mo. 287;

*Dougherty v. Mathews,* 35 Mo. 529; *Murphy v. Wilson,* 44 Mo. 313.

2. The first instruction of defendant ought to have been given. It was in the nature of a demurrer to the evidence, and should have been given, as the whole of the evidence varied from the allegations in the petition. And there was a total failure of proof. See Wag. Stat., 1058, § 1.

3. In the case of *Morgan v. Cox,* 22 Mo. 373, which was a cause of action based upon a charge of accidental shooting, the petition charged that the defendant negligently shot the plaintiff's slave. And the only question was as to the fact of negligence. It gave the defendant notice that he was to answer for his negligence. But in the present case, the petition is not based upon a careless or negligent shooting. The defense is, that the shooting was accidental, and without the fault or negligence of defendant. The replication denies this, thus tendering the issue that such shooting was not by accident. Hence the variance was not only material—and the evidence offered operated as a surprise to defendant—but the whole case, evidence and instructions, was tried, and verdict rendered upon the fact whether defendant used said gun carelessly or not.

4. The court erred in giving the plaintiff's first instruction. If the injury had been done intentionally, then, *prima facie,* defendant would have been liable; but if done unintentionally, through carelessness or negligence, then it would devolve upon plaintiff to show such negligence before defendant would be liable. Under the petition, the instruction would be proper; but under the evidence, the burden of proof is on the plaintiff to establish negligence.

*B. F. Loan* and *Bennett Pike* for respondent.

1. There was no variance between the evidence and the pleadings. The allegation that the injury was unlaw-

fully and wrongfully committed, included a case of carelessness and negligence. An action lies against an infant to recover damages for an injury inflicted or caused by him, which is not the effect of an unavoidable accident. 3 Wend. 391, *Bullock v. Babcock*; *Sikes v. Johnson*, 16 Mass. 389; *Morgan v. Cox*, 22 Mo. 373; *Vasse v. Smith*, 6 Cranch 226; *Campbell v. Stakes*, 2 Wend. 137.

2. If the injury resulted from inevitable accident, no negligence or wrongful intent could be imputed to defendant; but if the injury was occasioned by the careless and negligent doing of an act lawful in itself, the law holds the person by whom it is inflicted liable to respond in damages to the sufferer. Defendant had a right to carry the gun loaded, but in the exercise of such a right he was required to use extraordinary care. Proof that the act was carelessly or negligently done, sustains the allegation that it was wrongfully and unlawfully done. 3 Wend. 391.

3. It is a rule of good pleading, under the code, that "every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred; and every such averment must be understood as meaning what it says, and consequently is one to be sustained by evidence which corresponds with its meaning." The word assault, *ex vi termini*, means an unlawful act, and an act that causes injury through the negligence of the actor, is as unlawful as if intentionally done. It was unnecessary in this case to show, in order to sustain the allegation of an assault, that the injury was intentional. It was enough that it happened through the negligence of the defendant. Selwyn's N. P., by Wheaton—Assault and Battery, 19; 1 Chitty's Pld., pages 122, 127, 170; *Bullock v. Babcock*, 3 Wend. 391; 44 Mo. 313, *Murphy v. Wilson*.

HENRY, J.—An infant is liable for a tort in the same manner as an adult. *Bullock v. Babcock*, 3 Wendell 391;

*Campbell v. Stakes*, 2 Wend. 138; *Vasse v. Smith*, 6 Cranch 230; *Morgan v. Cox*, 22 Mo. 374.

It is contended by appellant that, because the petition alleged that defendant unlawfully and wrongfully assaulted the plaintiff and shot him with a gun, evidence of a negligent or careless shooting would not sustain the averment in the petition; in other words, that the petition alleged one cause of action, and the evidence established another, if any. *Bullock v. Babcock, supra*, was an action of trespass for assault and battery. The defendant was a boy about 12 years of age, and the evidence showed a negligent shooting of plaintiff by defendant with an arrow from a bow, and it was held sufficient to entitle plaintiff to a judgment.

In *Morgan v. Cox*, defendant was an infant. The petition in that case alleged a negligent killing of plaintiff's slave by defendant, but there is no intimation in the opinion of the court that, if the petition had alleged, as in this case, that defendant unlawfully and wrongfully shot the slave, the evidence that it was the result of carelessness, would not have established the cause of action stated in the petition. Leonard, J., said: " The facts of the present case would, under the former system of procedure, have supported an action of trespass, and cannot, we think, be distinguished from the cases cited. In one of them, the party, in uncocking his gun, accidentally discharged it and wounded a bystander. Here, the defendant accidentally struck the hammer of his gun against his saddle, and the same result ensued. In both cases it was upon the defendant to show that it happened, as the books say, by inevitable accident, and without the least fault, and the change that has been introduced by the new code in the remedy, has not changed the rules of law as to the liability of the parties." The change introduced by the new code in the remedy did not go to the extent of requiring less or more material allegations in a petition than were necessary to constitute a cause of action at common law, but only ob-

viated the necessity of using those formal and technical averments which, it had been held, were necessary, and for which no other mode of stating the same thing could be substituted. The change introduced, to which the very able judge, who delivered that opinion, alluded, was that made by the first section of the act of December, 1865, Revised Statutes of 1855, page 1216, which provided that there should be but one form of action for the enforcement or protection of private rights, and the redress or prevention of private wrongs, to be denominated a civil action; and in the third section of article 6, page 1229, requiring in a petition " a plain and concise statement of the facts constituting a cause of action, without any unnecessary repetition."

These sections have been retained in the subsequent revisions. Is it true, that proof of a negligent shooting does not sustain an averment of a wrongful and unlawful shooting? With regard to the liability of the defendant, the law holds an injury inflicted through carelessness, as wrongful and unlawful; if accidental and inevitable, no blame attaches to the person inflicting the injury. He is then, in no sense, culpable. If the act was lawful and right, which is the converse of the proposition, the party inflicting the injury through negligence could not be held liable, and is only responsible because it was unlawful and wrongful.

At common law the plaintiff was held to prove the cause of action alleged in his declaration, with as much strictness as under the code, and yet an action of trespass for assault and battery, as we have seen, was the proper form of action for direct injuries negligently and carelessly inflicted, as well as for those that were intentional and malicious.

The celebrated case of *Scott v. Sheppard*, reported in 2 Wm. Black. 892, and cited and commented upon as often, perhaps, as any case in the books, was an action of tres-

pass for assault and battery. *Weaver v. Wood*, Hobart 134, cited by Judge Leonard, was in the same form of action. There the defendant, a soldier, had accidently shot his comrade while exercising. In all these cases, the plaintiffs maintained their actions, although the injuries received by them were proved to have been the result of accidents, and not intentionally committed. In none of them was it alleged in the declaration that the injury was occasioned by the negligence of the defendant. " In declarations in trespass, which lies only for wrongs immediate and committed with force, the injury is stated, without any inducement of the defendant's motive and intention, or of the circumstances under which the injury was committed." 1 Chitty's Pleading 387, 127. The court properly overruled defendant's demurrer to the evidence.

The appellant complains of the first instruction given by the court at the instance of plaintiff, which declared that if defendant shot the plaintiff then, *prima facie*, plaintiff was entitled to a verdict. " A battery is the actual infliction of violence on the person," and, in an action for assault and battery, Mr. Greenleaf says: " The plaintiff must come prepared with evidence to show either that the intention was unlawful, or that the defendant was in fault, for if the injury was unavoidable, and the conduct of defendant was free from blame, he will not be liable." Greenleaf 2d Vol. on Evidence, page 81.

We do not understand by this that plaintiff must, in the first place by direct evidence, show either an intention to commit the injury, or that defendant was in fault. If the act was intentional, of course defendant would be liable, and proof of the shooting would make out a *prima facie* case of intentional shooting; and, when proof of the fact that defendant inflicted the injury, is made, it devolves upon him to show that it occurred without fault upon his part, to exonerate himself, or that it was accidental, although occasioned by carelessness, to mitigate.

The case of *Wakeman v. Robinson*, 1 Bing. 213, cited by Prof. Greenleaf, as supporting the text, certainly does not sustain the proposition of the learned author, if by it is meant that the mere fact of the injury inflicted by defendant does not make out a *prima facie* case, but that plaintiff must, in addition, prove in the first place that it was the result of carelessness on the part of defendant. The defense in that case was that defendant's horse being frightened by the near, noisy and rapid approach of a butcher's cart, became ungovernable, that the injury being thus occasioned by unavoidable accident, without any negligence or default on the part of defendant, he was not responsible for the consequences. The judge who presided at the trial held that this being an action of trespass, if the injury was occasioned by an immediate act of defendant, it was immaterial whether that act was willful or accidental. In the Common Pleas it was held that this was error, and that was the only question discussed by Dallas, C. J., in his opinion. The learned author also cites 1st Comyn's Dig., 129, intending to cite 2nd Comyn; we have found nothing there to sustain the doctrine announced by Prof. Greenleaf, if it is to be understood otherwise than as we have construed the language. Even in a trial for murder, from a proof of the killing with a deadly weapon the law implies an intent to kill, and then it is for the defendant to meet this presumption with evidence showing that it was unintentional, or justifiable, or excusable. "From the simple act of killing, the law will presume that it was murder in the second degree." Wagner, J. *State v. Holme*, 54 Mo. 153.

In the *State v. Underwood*, 57 Mo. 49, the circuit court instructed the jury that if defendant killed Menifee with a gun loaded with powder and bullets, the law presumed the killing to have been intentional, and it was murder in the second degree, in the absence of proof to the contrary, &c., and this court held, Wagner, J., delivering its opinion, that the instruction was unobjectionable. If such be the

presumption in a prosecution for murder, it certainly will prevail in a civil action, for the law has a more tender regard for life and liberty than for property, and it could only prevail in criminal cases, because it is reasonable that it should. In *Morgan v. Cox*, 22 Mo. 374, already cited, Leonard, J., said : " Under the old system of procedure it was no defense in such cases that the act occurred by misadventure and without the wrong-doer's intending it, but the defendant must have shown such circumstances as would make it appear to the court that the injury done to plaintiff was inevitable, and the defendant was not chargeable with any negligence.".

*Castle v. Duryea*, 2 Keyes 169. The defendant was the Colonel of the 7th Regiment of New York State Militia, and at the parade a part of the exercise was to fire with blank cartridges. He personally gave the order to fire, and Mrs. Castle, a spectator, was hit and wounded with a ball. Denio, J., said : " These facts constitute the defendant *prima facie* a trespasser to the same extent as though the musket was fired by his own hand."

This action, as far as appears from the petition, is for an intentional trespass, and when the injury is proved to have been inflicted by defendant, and nothing more, the case is made out, and the defendant must prove that he was not chargeable with negligence as an exoneration, or that it was accidental and not intentional, although negligent, by way of mitigation. The doctrine is very clearly stated by the learned Judge in *Morgan v. Cox*. There are cases in which plaintiff must prove that the party whom he sues for an injury inflicted, was guilty of negligence, but in those cases the action can be sustained only by alleging in the petition and proving negligence. That the injury was negligently inflicted is the foundation of the action. " The burden of proof in an action upon negligence always rests upon the party charging it." Shearman & Redfield on Neg., page 14, § 12. It was not charged in this petition, nor was it necessary to do so.

The rulings of the trial court are fully sustained by the authorities, and with the concurrence of all the judges, the judgment is affirmed.

AFFIRMᴱD