SAMUEL S. JOHNSON, APPELLANT, v. AARON McCON-
NEL, RESPONDENT.

*Assault and battery — to be actionable need not have been committed in anger.*

To constitute an actionable assault and battery, the assault must have been
unwarranted, but it need not have been committed in anger.

APPEAL from a judgment in favor of the defendant, entered
upon the verdict of a jury at the Steuben Circuit.

*McMasters & Parkhurst*, for the appellant. If defendant jus-
tifies assault and battery, on the ground of lawful authority, the
burden of proof is upon him to show that he did not use more
force than was necessary. (Hilliard on Torts, vol. 1, p. 198, id.,
p. 82 ; *Loring* v. *Aborn*, 4 Cush., 608 ; *Imason* v. *Cope*, 5 C. &
P., 193 ; *Simpson* v. *Morris*, 4 Taunt., 821 ; *Hannen* v. *Edes*, 15
Mass., 347 ; 1 Wharton Ev., § 358 ; *Brackett* v. *Hayden*, 15
Maine, 347 ; *Gaul* v. *Fleming*, 10 Ind., 253 ; *Treadwell* v. *Joseph*,
1 Sumn., 390.) An assault and battery need not be unwarranted
or committed in anger. A battery is " the actual infliction of
violence upon the person of another." (Hilliard on Torts, p. 191 ;
2 Greenleaf, § 84.) It may result from carelessness or be done in
the best of humor, and yet be assault. As to shave a man's head
against his will. (*Ford* v. *Skinner*, 4 C. & P., p. 239 ; 1 Hilliard
on Torts, 189 and 193, note ; *Bullock* v. *Babcock*, 3 Wend., 391.)
Or taking indecent liberties with a female pupil or patient, though
unresisted. (*Rex* v. *Rosinski*, Ry. and M., 19 ; 2d Greenleaf Ev.,
§ 82 ; *Hays* v. *People*, 1 Hill, 351.) And consent to the act of
assault is no bar to the recovery. (*Adams* v. *Waggoner*, 5 Am. R.,
230.)

*Ruggles & Little*, for the respondent.

TALCOTT, P. J. :
This is an appeal from a judgment rendered on the verdict of a
jury, for the defendant, at the Circuit in Steuben county.

The action is for assault and battery in the course of which the plaintiff's leg was broken, and he was otherwise seriously injured.

At the time of the assault, the plaintiff was tending bar at Jones' Hotel, in the town of Howard, in Steuben county, during the absence of Jones, the proprietor. The plaintiff was addicted to occasional intemperance. Before Jones left home on this occasion he requested one Lane, a neighbor, in case the plaintiff, Johnson, got intoxicated, that he should come to the hotel and assist in carrying on the business.

Johnson did become intoxicated during the absence of Jones, and continued to be more or less so during several days, and used violent language toward Lane, and told him when he was at the tavern to go home and mind his own business. Lane then went and saw the defendant, McConnel, another neighbor, and requested him to go down to the tavern, and, as the defendant testifies, talk with the plaintiff. The defendant did go to the tavern, and while there an altercation arose between Lane and the plaintiff, and they were engaged in a scuffle, in which the defendant interfered. The plaintiff undertook to resist such interference, and a scuffle took place between the plaintiff and the defendant, in the course of which the plaintiff received the injuries in question. The defendant claimed that he merely interfered to keep the plaintiff quiet, and with no design to injure him, and that the breaking of the plaintiff's leg, and the other injuries received by him, were entirely accidental.

Among other things, the defendant testified that he was not irritated at all, and had full control of himself during the scuffle between himself and the plaintiff.

There was the usual conflict of evidence as to what occurred, and what was said between the parties at the time of the occurrence; and, among other things, the justice before whom the cause was tried, at the Circuit, instructed the jury that "an assault and battery must be an angry and unwarranted attack upon another individual. You are to judge of all the circumstances of the case, whether that was unwarrantable in view of the condition in which the plaintiff was. If it was unwarrantable, the plaintiff is entitled to damages; if it was merely for the purpose of keeping him quiet, and no harm was intended and none was done, he is not entitled

to recover for it." The counsel for the plaintiff excepted to the charge that to constitute an assault and battery, it must be in anger and unwarranted, and asked the court to charge that neither of those elements were necessary to constitute an assault and battery. The court refused so to charge, and the plaintiff excepted.

Of course, in order to constitute an assault and battery, for which a party is liable in damages, the assault must be unwarranted; but it need not, in order to render the defendant liable, have been committed in anger. (Hilliard on Torts, 189, 193, *note*; *Bullock* v. *Babcock*, 3 Wend., 391.)

Though there might be a technical answer to the plaintiff's exception, growing out of the form in which it was taken, and also one founded on a critical examination of the language of the justice, in his charge; yet, we think there is a strong probability that the jury was misled by the charge, and may have been induced thereby to suppose that, in order to constitute an assault and battery, for which the defendant was liable in damages, the assault must have been made in anger; and, if done in entire good nature, and from good motives, though against the will of the person assaulted, the defendant could not be held liable; and we think, on the whole, there should be a new trial in the case, by reason of the apparent possibility that the jury may have been misled, as to the rule of law applicable to the case, by the charge of the judge, in connection with the refusal to charge as specified.

Judgment should be reversed and a new trial ordered, costs to abide the event.

Present — TALCOTT, P. J., SMITH and HARDIN, JJ.

Judgment reversed and new trial ordered, costs to abide event.