Thomas M. Wiley v. W. A. & John S. Heard.

(No. 1472, Op. Book No. 2, p. 508.)

Appeal from Collin County.   Opinion by Quinan, J.

*Infant is liable for torts.*   An infant is liable for his torts in the same manner as an adult.   [66 Mo. 346; 50 N. H. 235; 2 Wendell, 136.]

§ 1203.  *Arbitration; absence of parties when award is rendered does not invalidate.*   Where the agreement to arbitrate does not specially provide that the parties shall be present when the award is rendered, their absence does not invalidate the award of the arbitrators.   [Story on Con. 983; Zell v. Johnson, 76 N. C. 302.]

§ 1204.  *Same; where guardian submits ward's liability to arbitration.*   Whether the guardian had authority or not to submit his ward's liability to arbitration, there can be no doubt that, if the result was of benefit to the minor, he could avail himself of it as a defense.   It was not void, but merely voidable at his election, if at all.

§ 1205.  *Same; when conditions of agreement are violated.*   Appellant sued appellees, guardian and ward, to recover damages for injuries done to a horse of his by the ward.   Among other defenses, the defendants pleaded in bar of the action an arbitration of the question of their liability; and an award made in their favor.   The arbitration and award were not statutory.   In reply to this defense the appellant alleged and proved that the conditions of the agreement to arbitrate had been violated by the defendants; that, by the terms of the agreement, the arbitrator selected was to examine the horse alleged to have been injured, and decide whether or not he was permanently injured, and that he was to make this examination and award in the presence of certain parties, and without having any knowledge of who the horse belonged to, or the purpose of his examination and decision; that defendants, in violation of this agreement, before the examination and award were made, informed

the arbitrator who owned the horse, and the purpose of said examination, and that the examination and award were *ex parte*, and had not been made in the presence of the parties who, under the agreement, were to be present. *Held:* The defendants setting up the agreement to arbitrate as a defense were bound to prove it as they had alleged it, and their compliance with its terms fairly and in good faith. It was a material part of the agreement that the arbitrator was to know nothing about the ownership of the horse, or the matter in dispute between the parties. Under this state of case, it was error for the court to refuse the following charge, requested by the plaintiff, the same not having been supplied by the charge of the court as given, viz.: "If you believe from the evidence that the parties to this suit entered into an agreement to submit the matters in controversy to the decision of an arbitrator; that said arbitrator was not to know or be informed between what parties the decision was to be made; and one of the parties to the agreement, in obtaining an *ex parte* decision, violated the agreement, and gave the names of the parties to the controversy to the arbitrator before any decision was made by the arbitrator; and the arbitrator, after receiving said information, rendered an *ex parte* decision, then the same would be null and void." The agreement to arbitrate as alleged by defendants was not proved, and the agreement as actually made was not complied with by them.

October 26, 1881.         Reversed and remanded.