J. W. MAGUIRE, Fire Marshal, *vs.* TONG WO.

APPEAL FROM POLICE JUSTICE, HONOLULU.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Where a statute prescribes that a person violating the provisions of such statute, after written notice, shall be liable to a penalty, a printed circular, warning all persons against violations, but not calling attention to any specific breach found to exist, and not directing any specific alterations, is not a compliance with the statute.

OPINION BY McCULLY, J.

THE plaintiff brings action in the Police Court to recover penalty for breach of fire ordinance, under Sec. 338 of the Civil Code.

"SECTION 338. It shall be the duty of the Fire Marshal twice in every year, and as much oftener as he may deem proper, to examine the dwelling houses and other buildings in the respective districts for the purpose of ascertaining any violation of this law ; and also to examine the fire places, hearths, chimneys, stoves and stove pipes in the respective districts, and upon finding any of them defective or dangerous, he shall direct the owner or occupants by written notice to alter, remove or amend the same, and in case of neglect so to do, the party offending, on conviction, shall forfeit and pay twenty-five dollars for the benefit of the Fire Department, and for every day of the time allotted for such alteration, removal or amendment, the party so offending shall forfeit and pay the further sum of ten dollars, and the Fire Marshal may make such alteration, removal or amendment at the expense of said owner or occupant."

The Police Justice held that the defendant had not received legal notice, upon the following state of facts :

The plaintiff delivered the defendant a copy of the following circular :

"HONOLULU, October 1, 1873.

"SIR—Your attention is respectfully directed to the following

Sections of Chapter LXIII of the Penal Code, relating to the Fire Regulations of this city.

"The following are a few of the more important points to which you will be expected to give your immediate attention, viz.:

"1st. To provide yourself with fire buckets, in accordance with Section 348.

"2d. All openings for stove pipes, whether in side, end or roof of building, must be at least two inches in the clear all around larger than the pipe, this space being closed with a sheet of zinc or iron, through the center of which the pipe shall pass.

"3d. All stove pipes above referred to must extend at least two and one-half (2½) feet above the building from which they project, or above any wooden building joining thereto, and if the pipe projects horizontally from the end or side of the building, it shall be furnished with an elbow and a perpendicular pipe reaching to the height above mentioned, taking care that the outside pipe is at least one and one-half (1½) feet from any wooden structure.

"4th. Kitchen floors, if of wood, must be covered with zinc, lead or iron under the stove or cooking apparatus, and the sides of the building must be covered in the same way if the stove or other apparatus in which fires are built stands within two and one-half (2½) feet of the side of the room.

"5th. It is strictly forbidden to build fires in packing cases or other small wooden structures, except they be lined with iron or zinc, leaving at least a two (2) inch air space between the wood and lining.

[Here follow Sections 338, 339, 347 and 348 of the Civil Code, and the conclusion of the circular] :

"Hoping that you will take due notice of the foregoing and require no further prompting, I remain, yours respectfully,

"JAS. W. MAGUIRE, Fire Marshal."

A copy was also posted on defendant's building. The copy furnished the defendant was in the Chinese language. The plaintiff testifies that he visited the defendant's premises several times, and notified and directed him as to his supply of fire buckets, and as to defects in his stove pipe, but that he gave him no other written notice.

The statute provides that there shall be given written notice to alter, remove or amend defects. It must be strictly construed, for it is in derogation of the common law right of individuals to control their own premises. As a written notice is prescribed, all the oral directions of the plaintiff are to be discarded. The defendant, then, received no other written notice than the delivery to him of the circular. Clearly this circular does not notify him of any defect on his premises, It is a printed circular, which may be left at every building in the city, calling attention to sundry sections of the law and certain regulations of the Fire Marshal. It does not follow from the service of this that any person receiving it has failed to comply in any or all respects with the law and regulations. It may be distributed annually. Good citizens will be reminded of what is required of them, but no one by receipt of this has written notice to repair a defect which the Fire Marshal has found to exist.

The ruling of the Police Justice is sustained, and judgment given for the defendant.

*J. L. Kaulukou*, for plaintiff.

*C W. Ashford*, for defendant.

Honolulu, January 7, 1884.