## CYRUS A. CASWELL *vs.* JOHN E. PARKER, JR.

### Androscoggin.    Opinion December 12, 1901.

*Infants.    Torts.    Contracts.    Pleading.*

It is a general rule of law that where the substantial ground of action against an infant is contract, a party cannot, by declaring in tort, make the infant liable, when he would not have been in an action of contract.

Infants are liable for their torts, yet the form of action does not determine their liability, and they cannot be made liable when the cause of action arises from a contract, although the form is ex delicto.

Exceptions by plaintiff.    Overruled.

Trover against a minor for conversion of shoes, taken by the defendant to sell on commission.

The case appears in the opinion.

*W. F. Estey and A. L. Bennett*, for plaintiff.

*R. W. Crockett*, for defendant.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

WISWELL, C. J.    This action of trover against an infant was heard by the court, without a jury, with the right of exception to rulings upon matters of law.

The plaintiff intrusted the defendant with a quantity of shoes to be sold by the latter upon commission.    The shoes were to remain the property of the plaintiff until sold, and those remaining unsold, and the proceeds of those sold, less the defendant's commission, were to be turned over to the plaintiff.    The plaintiff claimed that he gave instructions to the defendant to sell only for cash; that the defendant sold some of the shoes upon credit and failed to account to him therefor.    The defendant pleaded infancy.

The court found that "it was not expressly agreed that the defendant should under no circumstances sell shoes on credit;" that the defendant did sell one or more pairs of the shoes received by him for sale on credit, that in making such sale, he acted in good faith, "intending to pay to the plaintiff the price of the goods thus sold,

but that he failed to make such payment as to one or more pairs of the shoes." Upon these facts, the presiding justice ruled, as matter of law, that the defendant was not deprived of the benefit of his plea of infancy, by reason of the action being in tort, instead of an action of assumpsit for breach of the contract, and ordered judgment for the defendant.

The ruling was right. Even if the sale by the agent upon credit was contrary to instructions, express or implied, and even if such a sale, under the circumstances of this case, would constitute a technical conversion by the agent, so that the plaintiff might, at his election, bring an action of tort, instead of one of contract, for the breach of the instructions as to the terms of sale, which we do not by any means decide, the defendant would not be deprived of the benefit of his plea of infancy, by the plaintiff's election to commence an action of tort.

It is a general rule that where the substantial ground of action is contract, a party cannot, by declaring in tort, make the infant liable, when he would not have been in an action of contract. While it is true as a general proposition of law that infants are liable for their torts, yet the form of action does not determine their liability, and they cannot be made liable when the cause of action arises from a contract, although the form is ex delicto. *Nash* v. *Jewett*, 61 Vt. 501, 15 Am. St. Rep. 931, 4 L. R. A. 561.

That it is the substance and not the form of the action, which determines the infant's liability, is well illustrated by a decision of this court in *Shaw* v. *Coffin*, 58 Maine, 254, 4 Am. Rep. 290, where it was held that an infant is liable in assumpsit for money stolen, and for the proceeds of property stolen by him and converted into money. But, as decided in *Towne* v. *Willey*, 23 Vt. 359, 56 Am. Dec. 85, cited and quoted from in *Shaw* v. *Coffin*, supra, he is not liable in tort for the mere violation of a contract, where he has committed no substantial and positive wrong, even if the plaintiff may, under the rules of pleading, have his election to bring his action either in tort or contract. And this principle is as well established as any rule of the common law. 16 A. & E. Encyl. of L. 2d. Ed. 308.

*Exceptions overruled.*