VICTORIA by Pihaleo, her next friend v. PALAMA.

EXCEPTIONS FROM CIRCUIT COURT, FIFTH CIRCUIT.

SUBMITTED APRIL 28, 1903.              DECIDED JULY 14, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

In an action against the father for damages resulting from the wrongful act of his minor child, of the age of seven years and nine months, it is not error for the court to instruct the jury that the father is responsible in damages where the evidence clearly shows that the minor itself would be liable at the common law.

### OPINION OF THE COURT BY GALBRAITH, J.

Victoria, a minor, by her next friend; Pihaleo, prosecutes this action in trespass against the defendant seeking to recover $1000 damages for alleged personal injuries resulting from gun shot wounds inflicted by the defendant's son. A trial was had to a jury and a verdict returned for the plaintiff for $200. The defendant comes to this court on exceptions.

It appears that the defendant's son, a minor, while playing with a shot-gun, claiming "that he did not know it was loaded," pointed it at the plaintiff who happened to be near by, and went through the act of shooting, with the result usual in such cases. The gun was loaded and the charge of bird shot took effect in the plaintiff's face and one eye, completely destroying the sight of the eye and injuring her otherwise. The gun belonged to a Japanese employed by the defendant and was taken by the boy from the veranda of the house where it had been placed by the owner. The shooting was not in the presence of the father and it does not appear that he knew that the boy was playing with the gun prior to the shooting.

It is contended that the defendant, the father, is liable in damages resulting from the wrongful act of his minor son under Sections 1241 and 1874, Civil Laws.

The court charged the jury, in part, as follows: "Under the law I instruct you that the defendant is liable in damages to the plaintiff for the injury to her person by reason that she was shot in the eye by the son of the defendant, a boy of seven years and nine months at the time of the shooting, the sight of one eye was completely destroyed."

The defendant excepted to the giving of this instruction and now urges that it contains an erroneous statement of the law of the question and that the liability of the father, under the facts of this case, is not absolute but is a question that should have been submitted to the jury under proper instruction.

Under the Penal Laws (Sec. 21) an infant under seven years is incapable of committing an offense against the criminal laws of the Territory and between the ages of seven and fourteen his liability depends largely upon his knowledge and understanding and must be determined from the evidence in each particular case. (Sec. 22.) These sections merely embody the common law on the question of the criminal liability of infants. 1 Blackstone, p. 464; 4 id, p. 23.

An entirely different rule governs when the issue is whether or not an infant is responsible for torts committed. In actions *ex delicto* the general rule is that infants are liable in damages in the same manner as adults. Cooley on Torts, 103; *Hutching v. Eugel,* 17 Wis. 234, 238, 239; *Conway v. Reed,* 66 Mo. 346; *Peterson v. Haffner,* 59 Ind. 130; *Bullock v. Babcock,* 3 Wend. 391; *Conklin v. Thompson,* 39 Barb. 218.

It was held in *Day v. Day,* 8 Haw. 715, that, under Sections 1241 and 1874, the father was responsible in damages for the tortious act of his minor child only in those instances where the child itself would be responsible at the common law.

If this is the proper construction of sections 1241 and 1874, and we assume that it is for the purposes of this case, then the law in this jurisdiction is that the father can be held responsible in damages for the torts of his infant in every case where the infant itself would be liable at the common law.

There is no dispute as to the facts in this case. Infancy alone is relied on as a defense. This is not sufficient. The evidence shows that the shooting was not accidental but was done in thoughtless or careless wantonness. There could be no serious question that as a matter of law the infant was liable for the injury inflicted. Under such circumstances it was not error for the court to direct a verdict for the plaintiff, leaving to the jury to determine the amount of damages. *Union Pacific R'y Co. v. McDonald,* 152 U. S. 262.

Another exception was taken to the refusal of the court to give two instructions requested by the defendant. These in-

structions set out a reasonably fair statement of the law relating to the criminal liability of infant but this was not the law applicable to this case.

The exceptions are overruled.

*Smith & Lewis and Louis J. Warren,* attorneys for defendant. No brief for plaintiff.