## WILLIAM K. RATHBURN *v.* JOHN PELE KAIO.

## No. 967.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

HON. C. W. ASHFORD, JUDGE.

ARGUED NOVEMBER 22, 1916.        DECIDED NOVEMBER 28, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PARENT AND CHILD—*infants—liability of father for torts of minor child.*

At common law a father was not liable, merely because of the relation, for the torts of his child. And under R. L. 1915, Secs. 2375 and 2993, the father is responsible for the torts of a minor child only in case the child itself could be held liable.

INFANTS—*liability for negligence.*

An infant who has passed out of the realm of mere childish instincts may be held liable for the consequences of his negligence, but not where the negligence consists of a mere breach of contract.

STATUTES—*construction.*

If a literal interpretation of the language used in a statute would lead to palpable injustice the courts will search for a more reasonable meaning of the language which will also accord with the spirit of the enactment.

SAME—*statute in derogation of the common law.*

A statute in derogation of the common law is to be construed strictly, and the common law will be held not to have been further abrogated than the language of the act clearly requires.

OPINION OF THE COURT BY ROBERTSON, C. J.

It was alleged in the plaintiff's complaint that the plaintiff owned a certain automobile; that, with the knowledge and consent of the defendant, he employed the defendant's son, who was a minor about nineteen years of age, to drive said automobile between Honolulu and Kahuku, Island of Oahu; and that while driving said automobile between the points mentioned the defendant's son negligently drove it

into the Waimea river and damaged it. Wherefore, the plaintiff claimed damages against the defendant for the injury. The court below overruled a demurrer to the complaint and allowed an interlocutory bill of exceptions.

At common law a father was not liable, merely because of the relation, for the torts of his child. 1 Cooley on Torts, (3d ed.) 180.

The plaintiff based his right to maintain the action upon the provisions of the Revised Laws, 1915, as follows:

"Except as otherwise provided, all persons residing or being in this Territory shall be personally responsible in damages, for trespass or injury, whether direct or consequential, to the person or property of others, or to their wives, children under majority, or wards, by such offending party, or by his wife or his child under majority, or by his command, or by his animals, domital or ferae naturae; and the party aggrieved may prosecute therefor in the proper courts." R. L. Sec. 2375.

"The children of a valid marriage shall be denominated legitimate; and the husband of said marriage shall be liable for their suitable and proper support in all respects, until they severally attain the age of majority, when his liability shall cease for further provision. He shall also be entitled to control and manage his children in all respects during their minority, and require reasonable service at their hands. He shall be the natural guardian of their persons and of their property; he shall be liable in damages for tortious acts committed by them, and entitled to prosecute and defend all actions at law in which they or their individual property may be concerned." R. L. Sec. 2993.

The defendant's contention was and is that under those provisions the father of an infant is liable for the torts of his infant children only in those instances where, at common law, the infant itself would have been liable; that such has been the judicial construction, and the provisions have since been reenacted; and that as the alleged negligence in this case arose out of contract, the infant would not be liable in damages at common law, and, therefore,

the father cannot be held liable in this action. In over-ruling the demurrer the circuit judge said, "I am unable to find, in either of these sections, any provision to the effect that the father's liability shall be limited to those cases wherein, by the common law, the minor himself would be liable. * * * But whether the minor be liable or not, it appears to me that the reading of the sections in question is so plain as to obviate the necessity of construction. * * * Much as I deprecate the rule of law, unheard of in other jurisdictions, which these sections appear to impose within this jurisdiction, it is my duty to apply the law as I find it; and, as I find it, I regard it as establishing the liability of the defendant for the acts of his minor son."

The statutory provisions were originally enacted in 1846, and were carried, without material change in phraseology, into the civil code of 1859, the revision of 1905, and that of 1915. In the case of *Day* v. *Day*, 8 Haw. 715, decided at *nisi prius* in 1891, Chief Justice Judd held that the father of an infant was not responsible under circumstances where the infant itself would not be liable. In that case the injury had been caused by the negligent act of an infant two years old. In *Victoria* v. *Palama*, 15 Haw. 127, decided in 1903, this court held that the father of a boy between seven and eight years of age was liable in damages for an injury caused by the negligent firing of a loaded gun. Under those cir-cumstances, however, the infant himself could have been held liable, and the question whether the responsibility of the father under the statute was limited to cases where the child would be liable was not involved in that case. The rule is well settled that where a statute has been reenacted after it has received a judicial construction the reenactment carries with it that construction. *Territory* v. *Pacific Coast Casualty Co.,* 22 Haw. 446, 453; *Territory* v. *Overbay, ante,* 91, 95. The rule is based on the presumption that the legislature knew of the construction and assented to it.

*Wyatt* v. *Bd. of Equalization,* 74 N. H. 552, 569. Whether a ruling made in a single case by an inferior court amounts to such a "known," "fixed," "settled" or "authoritative" judicial construction within the meaning of the rule as it has variously been phrased may be open to doubt. In Mississippi the rule has been stated to be that the former construction follows a reenacted statute when given by the "highest court" of the State. *Henry* v. *Henderson,* 60 So. 33, 40. However that may be, we are of the opinion that the statutory provisions in question were properly construed in *Day* v. *Day,* and that they were not intended to impose upon the father of an infant a responsibility where, at common law, none rested upon the child. We believe the object of the legislature in making the enactments was to extend the remedy for the benefit of persons injured by the tortious acts of infants so as to be more likely to produce adequate pecuniary results than would a judgment only against a probably impecunious child, but not to create liability where none at all existed before. As pointed out by the circuit judge, a literal interpretation of the provisions would not permit of such a limitation upon the father's liability. But if following the strict letter of a statute will lead to palpable injustice the courts search for a more reasonable meaning of the language which will also accord with the spirit of the enactment. *Shillaber* v. *Waldo,* 1 Haw. 31, 38; *Chong Yet You* v. *Rose, ante,* 220, 222; 36 Cyc. 1108. A statute which imposes upon a father liability to respond in damages for every tort committed by his child irrespective of the age of the infant or the circumstances under which the act or omission occurred, and whether or not, upon just principles, the infant could be held liable, would permit of gross injustice. The provisions in question cannot be regarded as acts merely remedial in character and so entitled to a liberal construction. They purport to impose a liability upon and to give a right of action against the fathers of minor children where none previously existed and under

circumstances even where no fault could be implied on the part of the parent. They are in derogation of the common law, and, therefore, subject to a strict construction. *Maguire* v. *Tong Wo,* 5 Haw. 41; *Lewers & Cooke* v. *Wong Wong,* 22 Haw. 765. "Statutes changing the common law are strictly construed, and it is not further abrogated than the language of the statute clearly and necessarily requires." Lewis' Sutherland, Stat. Con., p. 1060.

Under the circumstances set forth in the plaintiff's complaint there would be no right of action against the defendant's son since his negligence constituted a breach of his contract with the plaintiff, the gravamen of the action, notwithstanding its form, would be the breach of that contract. An infant who has passed out of the realm of mere childish instincts may be held liable for the consequences of his negligence as a person of full age might be, but not where the negligence consists in the mere breach of a contract, for to permit liability in that case would be to deprive the infant of the protection which the law gives him in matters of contract. 1 Cooley on Torts (3d ed.) 179, 181: *Isenberg* v. *Cummins,* 8 Haw. 237; *Lowery* v. *Cate,* 108 Tenn. 54; *Caswell* v. *Parker,* 96 Me. 39; 22 Cyc. 621.

We hold, therefore, that as, upon the facts alleged, the plaintiff could not maintain an action against the defendant's son, he may not maintain this action against the defendant. The court below erred in overruling the demurrer.

The exceptions are sustained and the case is remanded to the circuit court.

*W. C. Achi* for plaintiff.

*L. Banigan (Smith, Warren & Sutton* on the brief) for defendant.