## THE TERRITORY OF HAWAII *v.* CURTIS LERNER.

### No. 2490.

ARGUED NOVEMBER 11, 1943.          DECIDED NOVEMBER 16, 1943.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* The defendant Lerner was convicted in the circuit court of the crime of false advertising as defined by section 5972 of the Revised Laws of Hawaii 1935. On appeal by writ of error the judgment of conviction was reversed by this court and the cause remanded for further proceedings consistent with our opinion. The only proceedings which would be consistent with our opinion would be either a judgment of acquittal or a dismissal of the complaint. In other words, the effect of our opinion was to free the defendant of the criminal charge brought against him.

The matter having been thus disposed of, the defendant filed a motion for taxation of costs. The items of cost attached to the motion consist of the costs in this court and the sums expended by him for a transcript of the evidence and a record of the proceedings in the circuit court.

The defendant relies upon section 3795 of the Revised Laws of Hawaii 1935 to support his motion.

This being the first time, so far as we are aware, that an attempt has been made in a criminal case to tax costs against the Territory, we quote the full text of the statute relied upon: **"No bonds or costs to be filed or paid by government.** Neither the Territory nor any county or city and county nor any officer acting in his official capacity on behalf of the Territory or any county or city and county, shall be taxed costs or required to pay or make any deposit for the same or file any bond whatsoever in any case. In all cases in which a final judgment or decree is obtained against the Territory, county, city and county, or other political subdivision, any and all deposits for costs made by the prevailing party shall be returned to him, and he shall be reimbursed by the Territory, county, city and county, or other political subdivision, as the case may be, all actual disbursements, not including attorney's fees or commissions, made by him and approved by the court." (R. L. H. 1935, § 3795.)

A history of the legislation and a consideration of the decisions of this court in civil cases by or against the sovereign prior to any statute on the subject will be helpful.

In the assumpsit suit of *A. S. Cleghorn, Collector-General of Customs* vs. *W. S. Luce*, reported with *Bowler* vs. *Board of Immigration*, 7 Haw. 715, this court refused to tax costs against the government or the officer acting in its behalf under the general cost statute providing for the taxation of certain costs against the losing party in

all actions of assumpsit. That case was decided in 1889, at which time there was no statute exempting the government from liability for costs. In the course of its opinion the court said: "We think it a sound principle that where the Government *eo nomine* is sued or brings a suit, or where a department or bureau or officer of the Government has brought suit or is sued concerning matter which in fact is not personal, but involves a claim of the Government as plaintiff, or a liability of the Government as defendant, the plaintiff recovering should not have judgment for attorney's fees or commissions, nor should the plaintiff on losing be taxed with attorney's fees and commissions on the amount sued for."

The first statute dealing with the liability of the government for costs was enacted in 1907. It appears in the 1915 Revised Laws as section 2543, as follows: "Neither the Territory nor any county or municipality thereof or any officer acting in his official capacity on behalf of the Territory or any county or municipality thereof, shall be taxed costs or required to pay the same or file any bond or make any deposit for the same in any case."

The foregoing statute was not amended until 1933, when Act 212 was enacted and became section 3795 of the 1935 Revised Laws.

The 1907 statute was, in so far as it related to the Territory, merely declaratory of the common law as theretofore construed by our judicial decisions. The 1933 amendment is in derogation of the common law and must therefore be construed strictly. (*Rathburn* v. *Kaio*, 23 Haw. 541, 545.) "Statutes changing the common law are strictly construed, and it is not further abrogated than the language of the statute clearly and necessarily requires." Lewis' Sutherland Stat. Const., p. 1060.

We think it is quite apparent that the statute in question does not clearly and necessarily authorize the taxation

of costs in favor of an acquitted defendant in a criminal case. The statute has been in effect for more than ten years and this is the first time it has been invoked in a criminal case. Moreover, the codifying commission has always placed it in the chapter of the Revised Laws dealing with costs in civil actions. In this we think they properly classified the statute. The statute, after prohibiting the taxation of costs against the Territory *in any case*, provides for returning to the prevailing party who has obtained a "final judgment or decree" all deposits for costs made by him and for reimbursing certain actual disbursements made by him and approved by the court. While it may be said that an acquitted defendant in a criminal prosecution has obtained a final judgment against the Territory, the term "decree" applies only to equitable actions and is entirely foreign to the terminology of the criminal law. So when the legislature coupled the term "judgment" with the term "decree," they must have intended the statute to apply only to judgments of the same general classification to which decrees belong.

We conclude that the statute in question has no application to criminal prosecutions and that the motion for taxation of costs should therefore be denied, and it is so ordered.

*P. Cass* for the motion.

*J. G. Anthony*, Attorney General, *W. Z. Fairbanks*, Public Prosecutor, and *J. R. Desha*, Assistant Public Prosecutor, contra.